MONROE E. DAVIS,                     )
DAVID SHELTON and           )
TRACEY CHADWICK,            )
                                    )
       Petitioners/Appellants,     )       Appeal No.
                                    )       01-A-01-9610-CH-00498
v.                               )
                                    )       Davidson Chancery
DON SUNDQUIST, Governor of the    )       No.     95-1090-II
State of Tennessee, and           )
CHARLES W. BURSON,         )
Attorney General and Reporter for the   )
State of Tennessee,             )
                                    )
       Respondents/Appellees.     )

**FILED**

**February 26, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

MONROE E. DAVIS, Pro Se
TDOC # 130909
W.T.H.S.F.
P. O. Box 1050
Henning, Tennessee   38041-1050

CHARLES W. BURSON
Attorney General & Reporter

JEFFREY L. HILL
Assistant Attorney General
Civil Rights and Claims Division
2nd Floor, Cordell Hull Building
426 5th Avenue North
Nashville, Tennessee 37243-0488
ATTORNEYS FOR RESPONDENTS/APPELLEES

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

## OPINION

This is an appeal by petitioners/appellants, Monroe Davis, David Shelton, and Tracey Chadwick. Petitioners are inmates in the custody of the Tennessee Department of Corrections and are appealing the judgment of the Chancery Court for Davidson County. The chancery court dismissed their petition seeking a declaratory judgment that Tennessee Code Annotated section 40-20-112 is unconstitutional because it encompasses more than one subject in contravention of article 2, section 17 of the Constitution of the State of Tennessee.

Petitioners filed their declaratory judgment action on 6 April 1995. They named Don Sundquist, in his official capacity as Governor of Tennessee, and Charles Burson, in his official capacity as Attorney General and Reporter of Tennessee, as respondents. Therefore, Respondents filed a motion to dismiss claiming lack of subject matter jurisdiction. On 15 September 1996, the chancery court filed a memorandum and order granting the motion and dismissing the petition. The court stated as follows:

> Finally, Tennessee code Annotated section 4-5-223 and 224 provide the exclusive remedy for the petitioners, convicted felons lawfully in the custody of the Department of Correction, to challenge the applicability of statutes and rules as applied to them, whether on a constitutional basis or otherwise. The petitioners in this case, however, have not complied with the jurisdictional prerequisite requiring an inmate to first file a petition with the Department for a declaratory order regarding the statute in question. Thus, the Court may not entertain an action for declaratory judgment under section 4-5-224 either.

After the chancery court entered its order, Petitioners filed a copy of a document entitled "Petition for Declaratory Order." Petitioners contended that the chancery court should amend its judgment based on this document because they had complied with Tennessee Code Annotated section 4-5-223. The court denied the motion. Thereafter, Petitioners filed a timely notice of appeal. We affirm.

The Uniform Administrative Procedures Act provides the jurisdictional prerequisites for seeking review of an agency's actions through a declaratory judgment proceeding. "A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has

petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order." Tenn. Code Ann. § 4-5-224(b)(1991). The proper agency with which to file a petition for a declaratory order is the one which has primary jurisdiction over the statute, rule, or order at issue. *See id.* § 4-5-223(a). In addition, an agency is deemed to have refused to issue a declaratory order if it fails to set the petition for a contested case hearing within sixty days of receipt of the petition. *Id.* § 4-5-223(c). Before seeking judicial review of the agency's action, the petitioner must attempt to resolve his or her grievances through agency procedures. A declaratory judgment action is premature if the petitioner proceeds directly to judicial review without seeking an administrative determination.

In the present case, Petitioners did not allege prior to the dismissal that they sought a declaratory order from the agency which exercised primary jurisdiction over Tennessee Code Annotated section 40-20-112. In addition, the "Petition for Declaratory Order" fails to satisfy the requirements of Tennessee Code Annotated section 4-5-224(b) for the following reasons. First, Monroe Davis is the only complainant named in the Petition for Declaratory Order. Thus, if the Petition for Declaratory Order were sufficient under Tennessee Code Annotated section 4-5-223, it would only aid Petitioner Davis' attempt at obtaining a declaratory judgment because the complainant must petition the agency and petitioners Shelton and Chadwick did not even attempt to file a petition for declaratory order. *See id.* § 4-5-224(b). Second, it is the opinion of this court that Petitioner Davis did not petition the proper agency when he requested a declaratory order from Governor Sundquist. Finally, Petitioners did not give the Governor the required sixty days within which to set the petition for a contested case hearing. The Petition for Declaratory Order is dated 15 February 1995, and Petitioners filed their petition in the chancery court on 6 April 1995. Thus, there is no agency which has refused to issue a declaratory order as is required by Tennessee Code Annotated section 4-5-224(b).

Therefore, it results that the judgment of the chancery court is affirmed, and the cause is remanded for any further necessary proceedings. Costs on appeal are taxed to the petitioners/appellants, Monroe Davis, David Shelton and Tracey Chadwick.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:


_____
BEN H. CANTRELL, J.


_____
WILLIAM C. KOCH, JR., J.