IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS AUGUST 24, 2004

## MAX DEBERRY v. ED GORE, ET AL.

**Direct Appeal from the Circuit Court for Gibson County**
**No. 7919     Clayburn Peeples, Judge**

_____

**No. W2003-02679-COA-R3-CV - Filed November 17, 2004**

_____

This case involves an inmate's petition for a writ of mandamus filed against the Tennessee Department of Correction following an increase in his release eligibility date. The inmate filed the petition asking the trial court to order the department to enforce the sentencing range set forth in the judgment entered as a result of his plea agreement. The department filed a motion to dismiss which the trial court granted. We affirm.


**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Max Deberry, *pro se*, Only, TN

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Pamela S. Lorch, Senior Counsel, Nashville, TN, for Appellees

# MEMORANDUM OPINION[1]

## Factual Background and Procedural History

Max DeBerry ("Mr. DeBerry" or "Appellant") is currently an inmate in the custody of the Tennessee Department of Correction (the "TDOC") at the Turney Center Industrial Prison in Only, Tennessee. On November 25, 1997, Mr. DeBerry pled guilty to first degree murder in the Circuit Court of Gibson County, Tennessee. The Honorable Dick Jerman, Jr., entered a judgment on that date stating that Mr. DeBerry was being sentenced under the Sentence Reform Act of 1989 and classified him as a "Standard 30% Range I" offender. Judge Jerman entered an Amended Judgement on March 2, 1998, which reflected that Mr. DeBerry pled guilty to first degree murder in perpetration of especially aggravated robbery committed on January 11, 1996.[2] The Amended Judgment also classified Mr. DeBerry as a "Standard 30% Range I" offender and sentenced him to life in prison.

Although the record is not entirely clear, after Mr. DeBerry was surrendered into the TDOC's custody his release eligibility date was apparently adjusted upward by TDOC officials.[3] On January

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:
> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The release eligibility date of a prisoner in the custody of the TDOC is governed by section 40-35-501 of the Tennessee Code, which provides, in relevant part, as follows:
> (a)(1) A felony sentence to the department of correction or to a local jail or workhouse shall be served according to this chapter. An inmate shall not be eligible for parole until reaching such inmate's release eligibility date[.]

Tenn. Code Ann. § 40-35-501(a)(1) (2003).

[3] Section 40-35-501 of the Tennessee Code provides, in relevant part, as follows:
> (h)(1) Release eligibility for each defendant receiving a sentence of imprisonment for life for first degree murder shall occur after service of sixty percent (60%) of sixty (60) years less sentence credits earned and retained by the defendant, but in no event shall a defendant sentenced to imprisonment for life be eligible for parole until the defendant has served a minimum of twenty-five (25) full calendar years of such sentence, notwithstanding the governor's power to reduce prison overcrowding pursuant to title 41, chapter 1, part 5, or any sentence reduction credits authorized by § 41-21-236, or any other provision of law relating to sentence credits. A defendant receiving a sentence of imprisonment for life for first degree murder shall be entitled to earn and retain such sentence credits, but such credits shall not operate to make such defendant eligible for release prior to the service of twenty-five (25)

(continued...)

-2-

28, 2003, Mr. DeBerry filed a *pro se* Petition for Writ of Mandamus in the Circuit Court of Gibson County against Ed Gore, Director of Management Information Services ("Appellee").[4] Mr. DeBerry asked the court to issue a writ commanding "[t]hat petitioner DeBerry [sic] sentence be recalculated by the defendants to ratiocinate [sic] a Life Sentence pursuant to the Sentence Reform Act of 1989, as a Standard Range One Offender with a Release Eligibility Date of Thirty Percent (30%)." In his petition, Mr. DeBerry asserted that the court should issue the writ because he had no other adequate remedy at law.

The TDOC filed a Motion to Dismiss with the trial court asking the court to dismiss Mr. DeBerry's petition pursuant to Tennessee Rule of Civil Procedure 12.02. Specifically, the TDOC asserted that the petition for writ of mandamus should be dismissed because Mr. DeBerry's proper remedy was first to seek a declaratory order from the TDOC pursuant to the Tennessee Uniform Administrative Procedures Act ("UAPA"). The trial court agreed and entered an order on December 4, 2003, dismissing Mr. DeBerry's petition on the grounds that he failed to exhaust his administrative remedies in testing the TDOC's computation of his sentence.

Mr. DeBerry filed an appeal to this Court asking us to consider several issues, all of which can be summarized into the following issue: Whether the TDOC has the authority to alter the judgment of a trial court relating to the classification of an inmate under the sentencing guidelines? For the reasons stated below, we affirm the trial court's dismissal of the petition.

## Standard of Review

A motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6) "admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action." *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997); *see also Sweatt v. Conley*, No. 01A-01-9706-CH-00247, 1997 WL 749482, at *2 (Tenn. Ct. App. Dec. 5, 1997). "The failure to state a claim upon which relief can be granted is determined by an examination of the complaint alone." *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 639 (Tenn. 2003). "When reviewing a dismissal of a complaint under Rule 12.02(6), this Court must take the factual allegations contained in the complaint as true and review the trial court's legal conclusions *de novo* without giving any presumption of correctness to those conclusions." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 710 (Tenn. 2003). "Because a motion to dismiss a complaint under rule 12.02(6) challenges only the legal sufficiency of the complaint, courts should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that

---

[3](...continued)
    full calendar years.

Tenn. Code Ann. § 40-35-501(h)(1) (2003). Neither Mr. DeBerry nor the TDOC provided an explanation as to why Mr. DeBerry's release eligibility date was extended.

[4] Management Information Services is an administrative agency employed by the TDOC. (T.R., Vol. 1, p. 36).

would entitle the plaintiff to relief." *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 373 (Tenn. Ct. App. 2003).

## Applicable Law and Analysis

"The law controlling the availability of the extraordinary remedy of the Writ of Mandamus is well-settled in Tennessee." *State ex rel. Weaver v. Ayers*, 756 S.W.2d 217, 220 (Tenn. 1988).

> Our courts will issue writs of mandamus only when the following three elements coexist: (1) the plaintiff's clear right to the relief sought, *Peerless Constr. Co. v. Bass*, 158 Tenn. 518, 520, 14 S.W.2d 732, 733 (1929); (2) the defendant's clear duty to perform the act the plaintiff seeks to compel, *State ex rel. Weaver v. Ayers*, 756 S.W.2d 217, 221 (Tenn. 1988); and (3) the absence of any other specific or adequate remedy, *State ex rel. Motlow v. Clark*, 173 Tenn. 81, 87, 114 S.W.2d 800, 802–03 (1938).

*State ex rel. Hayes v. Civil Serv. Comm'n of the Metro. Gov't of Nashville and Davidson County*, No. 01-A-01-9002-CH00061, 1990 WL 165073, at *2 (Tenn. Ct. App. May 26, 1992). Upon reviewing the record, it is abundantly clear that Mr. DeBerry's petition failed to state a claim for a writ of mandamus because, as a matter of law, he had other remedies available to test the changes made to his release eligibility date by the TDOC. *See Sweatt v. Conley*, No. 01A-01-9706-CH-00247, 1997 WL 749482, at *3 (Tenn. Ct. App. Dec. 5, 1997); *Williams v. Bradley*, No. 01A01-9411-CH-00511, 1995 WL 70573, at *2–3 (Tenn. Ct. App. Feb. 22, 1995).

Since the TDOC is a state agency, it is subject to the provisions of the UAPA. *Melton v. Bradley*, No. 01A01-9401-CH-00028, 1994 WL 590012, at *2 (Tenn. Ct. App. Oct. 28, 1994) (citing *Brigham v. Lack*, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988)). "If the petitioner claims that the Tennessee Department of Correction has incorrectly calculated his sentences or incorrectly interpreted the action of the Board of Paroles, the appropriate remedy is found under the Uniform Administrative Procedures Act." *Ferrell v. State*, No. 01C01-9610-CR-00454, 1997 WL 578999, at *1 (Tenn. Crim. App. Sept. 19, 1997). "The Uniform Administrative Procedures Act provides the jurisdictional prerequisites for seeking review of an agency's actions through a declaratory judgment proceeding." *Davis v. Sundquist*, 947 S.W.2d 155, 156 (Tenn. Ct. App. 1997).

"A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order."[5] Tenn. Code Ann. § 4-5-225(b) (2003). "A

---

[5] In the Appendix to the Appellant's Brief, Mr. DeBerry included a copy of a Petition for Declaratory Order dated July 13, 1999, addressed to the TDOC. After searching the petition filed with the trial court, however, we are unable to find any mention that this request for a declaratory order was actually submitted to TDOC and ruled upon. *See* Tenn. Code Ann. § 4-5-223(a) (2003); Tenn. Code Ann. § 4-5-224(b) (2003).

declaratory judgment action is premature if the petitioner proceeds directly to judicial review without seeking an administrative determination." *Davis*, 947 S.W.2d at 156. We have thoroughly reviewed the complaint and the entire record, giving every possible benefit to Mr. DeBerry as a *pro se* litigant. *See Hessmer v. Hessmer*, 138 S.W.3d 901, 903–04 (Tenn. Ct. App. 2003). The clear result is that Mr. DeBerry failed to seek a declaratory order from the TDOC prior to seeking judicial review of the TDOC's actions. Therefore, the petition fails to allege acts which would confer jurisdiction upon the trial court, and the trial court properly dismissed Mr. DeBerry's petition because a writ of mandamus could not be issued as a matter of law. *See Johnson v. Tenn. Dep't of Corr.*, No. M2001-02424-COA-R3-CV, 2003 WL 22794498, at *3 (Tenn. Ct. App. Nov. 25, 2003); *Bonner v. Tenn. Dep't of Corr.*, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001); *McCamey v. Tenn. Dep't of Corr.*, No. 01-A-01-9701-CH-0003, 1997 WL 210841, at *3 (Tenn. Ct. App. Apr. 30, 1997); *Mills v. Campbell*, No. 01A01-9604-CH-00190, 1996 WL 491817, at *1 (Tenn. Ct. App. Aug. 30, 1996); *Williams v. Bradley*, No. 01A01-9411-CH-00511, 1995 WL 70573, at *2–3 (Tenn. Ct. App. Feb. 22, 1995).

## Conclusion

For the foregoing reasons we affirm the trial court's dismissal of the Appellant's Petition for Writ of Mandamus. Costs of this appeal are taxed against the Appellant, Max DeBerry, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE