# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
## September 16, 2009 Session

## NATIONAL COLLEGE OF BUSINESS & TECHNOLOGY AND REMINGTON COLLEGE -- MEMPHIS CAMPUS
### v.
## TENNESSEE HIGHER EDUCATION COMMISSION

### An Appeal from the Chancery Court for Davidson County
### No. 08-2105-III    Ellen Hobbs Lyle, Chancellor

### No. M2009-00137-COA-R3-CV - Filed March 18, 2010

This appeal involves subject matter jurisdiction and exhaustion of administrative remedies. The petitioners filed an administrative petition with the defendant commission challenging a newly promulgated rule. Before the commission took action on the administrative petition, the petitioners filed a complaint for declaratory judgment in the trial court, making essentially the same allegations. The commission filed a motion to dismiss in the trial court, arguing that the trial court did not have subject matter jurisdiction over the complaint, because the petitioners failed to exhaust their administrative remedies before filing the declaratory judgment lawsuit. The trial court granted the motion and dismissed for lack of subject matter jurisdiction. The petitioners now appeal. We reverse, finding that the trial court had subject matter jurisdiction over the petition.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Reversed and Remanded

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID. R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

W. Brantley Phillips, Jr., and Russell S. Baldwin, Nashville, Tennessee, for the appellants, National College of Business & Technology and Remington College -- Memphis Campus.

Robert E. Cooper, Attorney General & Reporter, Michael E. Moore, Solicitor General, and Blind Akrawi, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Higher Education Commission.

## OPINION

### FACTS AND PROCEEDING BELOW

In 2006 and 2007, the Respondent/Appellee Tennessee Higher Education Commission ("THEC") amended its rules by adopting the Rulemaking Hearing Rules of the Division of Postsecondary School Authorization, which amended Chapter 1540-01-02 of the Tennessee Rules and Regulations ("the Rules"). These amendments became effective on August 20, 2008.

On August 26, 2008, the Petitioner/Appellants National College of Business & Technology and Remington College – Memphis Campus ("Petitioners") filed an administrative petition with THEC for a declaratory order pursuant to Tennessee's Uniform Administrative Procedures Act ("UAPA"). The administrative petition alleged that THEC's amended rules were void because they were promulgated in violation of the UAPA. The petitioners also alleged that THEC was required to set aside the amendments because they were procedurally flawed, arbitrary, and capricious. THEC did not take immediate action on the petition.

The Petitioners were concerned that the applicable thirty-day statute of limitations[1] on a declaratory judgment lawsuit on THEC's amended rules would run from August 20, 2008, the date on which the amendments were approved. If the Petitioners waited to file a lawsuit until after the administrative proceedings were resolved, they might be time-barred from filing a lawsuit in the event the administrative petition with THEC was unsuccessful. Consequently, before THEC took action on the administrative petition, on September 19, 2008, the Petitioners filed the instant lawsuit in the trial court below, seeking the same declaratory relief as in the administrative petition filed with THEC.

On October 24, 2008, THEC filed its answer in the trial court, in which it asserted that the trial court had subject matter jurisdiction over the petition. It also asserted, however, that the

---

[1]Tennessee Code Annotated § 49-7-2012 provides:

> (a) Any person aggrieved or adversely affected by any final commission action, or by any penalty imposed by the commission, may obtain judicial review of the action as provided in this section.

> (b)(1) An action for judicial review may be commenced in any court of competent jurisdiction in accordance with the Tennessee rules of civil procedure within thirty (30) days after the commission action becomes effective.

Tenn. Code Ann. § 49-7-2012(a), (b)(1) (2009).

petition should be dismissed for, *inter alia*, the Petitioners having "failed to avail themselves of all administrative remedies."

Meanwhile, THEC still took no action on the Petitioners' administrative petition. Under Tennessee statutes, if an agency such as THEC does not set a petition for a declaratory order for a contested case hearing within sixty days, the petition is deemed denied by operation of law. *See* Tenn. Code Ann. § 4-5-223(c). The sixty-day period on the Petitioners' administrative petition with THEC expired on October 27, 2008, and the administrative petition was then deemed denied by operation of law. Thereafter, on November 10, 2008, the Petitioners filed a motion in the trial court to have their lawsuit set for a hearing on the merits.

On November 20, 2008, THEC filed a motion in the trial court to dismiss the complaint for declaratory judgment pursuant to Rule 12.02(1) of the Tennessee Rules of Civil Procedure. THEC asserted that the trial court did not have subject matter jurisdiction because the Petitioners had failed to exhaust their administrative remedies before filing the chancery court action. In the memorandum filed in support of its motion to dismiss, THEC claimed that it had intended to convene a contested case hearing prior to the expiration of the statutory sixty-day window, but that the filing of the Petitioners' lawsuit precluded THEC from doing so because the commission lost jurisdiction to convene a contested case hearing when the Petitioners' lawsuit was filed.

In response, the Petitioners argued that, pursuant to Tennessee Code Annotated § 4-5-225, the trial court had subject matter jurisdiction over their complaint for declaratory judgment. They conceded that, even if the lawsuit was not ripe for adjudication on the date it was filed, it became ripe for adjudication once THEC's administrative petition was deemed denied by operation of law. The Petitioners contended that no authority supports THEC's assertion that the administrative agency lost jurisdiction to convene a contested case hearing on the administrative petition once the declaratory judgment lawsuit was filed in the trial court. Therefore, they argued, at the time the lawsuit was filed, both the trial court and the administrative tribunal had jurisdiction to adjudicate Petitioners' respective petitions for declaratory relief.

On December 23, 2008, apparently without conducting a hearing on the matter, the trial court entered an order granting THEC's motion to dismiss for lack of subject matter jurisdiction. In its order, the trial court explained:

> . . . T.C.A. § 4-5-223(c) must be read in conjunction with § 4-5-225(b). When these 2 sections are construed together, the Court concludes that by not waiting for the 60 day period to lapse for the agency to set a contested case hearing,

specified in § 4-5-223(c), the petitioners violated the requirement of § 4-5-225(b) that administrative remedies be exhausted before a declaratory judgment can be rendered by this Court.

Accordingly, this matter is dismissed without prejudice, and the petitioners are required to repetition the agency for a declaratory order to restart the 60-day period provided by § 4-5-223(c).

Thus, in addition to dismissing the case for lack of subject matter jurisdiction, the trial court also directed the Petitioners to file a new administrative petition with THEC to "restart" the sixty-day period. From this order, the Petitioners now appeal.

## ISSUES AND STANDARD OF REVIEW

On appeal, the Petitioners maintain that, pursuant to Tennessee Code Annotated § 4-5-225(a), the trial court had subject matter jurisdiction to adjudicate its complaint for declaratory judgment.

Because this case was dismissed for lack of subject matter jurisdiction on the face of the complaint pursuant to Rule 12.02(1) of the Tennessee Rules of Civil Procedure, the allegations in the complaint are taken as true for purposes of this appeal. *See Anderson v. Watchtower Bible & Tract Soc. of New York, Inc.*, No. M2004-01066-COA-R9-CV, 2007 WL 161035, at *2 (Tenn. Ct. App. Apr. 14, 2007). Whether a court has subject matter jurisdiction presents an issue of law. Issues of law are reviewed *de novo* with no presumption of correctness. *Tenn. Envtl. Council v. Water Quality Control Bd.*, 250 S.W.3d 44, 55 (Tenn. Ct. App. 2007).

The concept of subject matter jurisdiction involves the power of a court to hear a given case:

The concept of subject matter jurisdiction involves a court's power to adjudicate a particular controversy brought before it. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296, 297 (Tenn. 1988); *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001). Courts derive their subject matter jurisdiction exclusively from the Constitution of Tennessee or from legislative act, *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977), and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication. *Dishmon v. Shelby State Cmty. College*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Accordingly, neither the actions nor inactions of the

parties can confer subject matter jurisdiction on a court. ***State ex rel. Dep't of Social Servs. v. Wright***, 736 S.W.2d 84, 85 n. 2 (Tenn. 1987); ***Caton v. Pic-Walsh Freight Co.***, 211 Tenn. 334, 338, 364 S.W.2d 931, 933 (1963).

***Campbell v. Tenn. Dep't Correction***, No. M2001-00507-COA-R3-CV, 2002 WL 598547, at *2 (Tenn. Ct. App. Apr. 19, 2002). "Judgments or orders entered by courts without subject matter jurisdiction are void." ***First Am. Trust Co. v. Franklin-Murray Dev. Co.***, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) (citations omitted).

## ANALYSIS

We first set out the provisions of the UAPA that are applicable to the issues in this appeal. Tennessee Code Annotated § 4-5-223 confers jurisdiction on an agency such as THEC over administrative petitions for a declaratory order:

> (a) Any affected person may petition an agency for a declaratory order as to the validity or applicability of a statute, rule or order within the primary jurisdiction of the agency. The agency shall:
>> (1) Convene a contested case hearing pursuant to the provisions of this chapter and issue a declaratory order, which shall be subject to review in the chancery court of Davidson County, unless otherwise specifically provided by statute, in the manner provided for the review of decisions in contested cases; or
>> (2) Refuse to issue a declaratory order, in which event the person petitioning the agency for a declaratory order may apply for a declaratory judgment as provided in § 4-5-225.
> (b) A declaratory order shall be binding between the agency and parties on the state of facts alleged in the petition unless it is altered or set aside by the agency or a court in a proper proceeding.
> (c) If an agency has not set a petition for a declaratory order for a contested case hearing within sixty (60) days after receipt of the petition, the agency shall be deemed to have denied the petition and to have refused to issue a declaratory order. . . .

Tenn. Code Ann. § 4-5-223 (2005). Thus, when an administrative petition is filed pursuant to this statute, the administrative agency may either "[c]onvene a contested case hearing," or "[r]efuse to issue a declaratory order."

Section 4-5-225 provides that a suit for declaratory relief may also be filed in the Chancery Court of Davidson County:

(a) The legal validity or applicability of a statute, rule or order of an agency to specified circumstances may be determined in a suit for a declaratory judgment in the chancery court of Davidson County, unless otherwise specifically provided by statute, if the court finds that the statute, rule or order, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the complainant. The agency shall be made a party to the suit.

(b) *A declaratory judgment shall not be rendered* concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order.

(c) In passing on the legal validity of a rule or order, the court shall declare the rule or order invalid only if it finds that it violates constitutional provisions, exceeds the statutory authority of the agency, was adopted without compliance with the rulemaking procedures provided for in this chapter or otherwise violates state or federal law.

Tenn. Code Ann. § 4-5-225 (2005) (emphasis added).  Thus, under subsection (a), the trial court has jurisdiction over declaratory judgment actions challenging the validity of an administrative rule.  Under subsection (b), the trial court may not render a declaratory judgment "unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order." ***Id.***

On appeal, the Petitioners argue that the plain language of Section 4-5-225(a) clearly vests the trial court with subject matter jurisdiction over their complaint for declaratory judgment. They argue that the "exhaustion of administrative remedies" requirement in subsection (b) does not deprive the trial court of jurisdiction, but rather requires the trial court to hold the lawsuit in abeyance until the administrative tribunal has resolved the administrative petition for a declaratory order.  This distinction is important, the Petitioners maintain, because the existence of subject matter jurisdiction means that the trial court was permitted to wait until the administrative tribunal had refused to issue a declaratory order, and then proceed to adjudicate the Petitioners' lawsuit on the merits.

In response, THEC insists that the trial court did not have jurisdiction when the Petitioners' lawsuit was filed because the Petitioners failed to exhaust their administrative remedies before filing their declaratory judgment action.  THEC contends that the exhaustion requirement in Section 4-5-225(b) is jurisdictional in nature, and that the Petitioners' failure to comply with that subsection deprived the trial court of jurisdiction over the lawsuit the

moment it was filed. Alternatively, THEC argues, even if the trial court did have subject matter jurisdiction, the trial court should have dismissed the complaint for declaratory judgement for failure to state a claim upon which relief could be granted.

Petitioners cite *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827 (Tenn. 2008), and *Coe v. City of Sevierville*, 21 S.W.3d 237 (Tenn. Ct. App. 2000). THEC cites *Davis v. Sundquist*, 947 S.W.2d 155 (Tenn. Ct. App. 1997). Both parties rely on *Campbell v. Tenn. Dept. of Correction*, No. M2001-00507-COA-R3-CV, 2002 WL 598547 (Tenn. Ct. App. Apr. 19, 2002). We will discuss each of these cases in our analysis.

The exhaustion of administrative remedies doctrine arose as a discretionary rule in courts of equity, an exercise of judicial prudence under which parties are not entitled to judicial relief until their prescribed administrative remedy has been exhausted. *Colonial Pipeline*, 263 S.W.3d at 838-39. The exhaustion doctrine promotes judicial efficiency and recognizes the authority of administrative agencies. *Id.* at 838. It allows the agency to correct its own errors, permits the agency to conduct specialized fact-finding and technical review in cases involving its subject matter, and allows the agency to develop a more complete administrative record for judicial review. *Id.* at 838-39.

While the exhaustion doctrine was originally a discretionary rule in equity, it is now frequently incorporated into legislation. *Id.* at 839. In *Colonial Pipeline*, the Tennessee Supreme Court explained how the exhaustion doctrine is applied when it is mandated by legislation:

> When a statute provides specific administrative procedures, "one claiming to have been injured must first comply with the provisions of the administrative statute." *State v. Yoakum*, 201 Tenn. 180, 297 S.W.2d 635, 641 (1956) (citing *State ex rel. Jones v. City of Nashville*, 198 Tenn. 280, 279 S.W.2d 267 (1955)). The mere fact that an agency probably will deny relief is not a sufficient excuse for failure to exhaust available remedies. *Id.* Exhaustion of administrative remedies is not an absolute prerequisite for relief, however, unless a statute " 'by its plain words' " requires exhaustion. *Thomas v. State Bd. of Equalization*, 940 S.W.2d 563, 566 (Tenn. 1997) (quoting *Reeves v. Olsen*, 691 S.W.2d 527, 530 (Tenn. 1985)). Thus, a statute does not require exhaustion when the language providing for an appeal to an administrative agency is worded permissively. *Id.* Absent any statutory mandate, whether to dismiss a case for failure to exhaust administrative remedies would be a matter of " 'sound judicial discretion.' " *Reeves*, 691 S.W.2d at 530 (quoting *Cerro Metal Prod. v. Marshall*, 620 F.2d 964, 970 (3d Cir.1980)).

*Id.* In addressing one of the UAPA provisions at issue in the instant appeal, the ***Colonial Pipeline*** Court commented: "In no uncertain terms, [Section 4-5-225] requires a prospective plaintiff to make a request for a declaratory order with an agency before bringing an action for a declaratory judgment in the Chancery Court." *Id.* at 842 (citing ***Watson v. Tenn. Dep't of Corr.***, 970 S.W.2d 494 (Tenn. Ct. App.1998)). ***Colonial Pipeline*** went on, however, to find that Section 4-5-225 did not preclude the Chancery Court from considering a constitutional challenge to the facial validity of a statute even where the petitioner did not file an administrative petition before filing its declaratory judgment lawsuit, because the constitutional principle of separation of powers reserves such constitutional challenges for the judiciary. *Id.* at 842-45. Therefore, the Court in ***Colonial Pipeline*** did not address the issue presented in this appeal, namely, subject matter jurisdiction.

The question of whether the exhaustion requirement in Section 4-5-225(b) is jurisdictional was specifically addressed by this Court in ***Campbell v. Tennessee Department of Correction***. ***Campbell*** involved a petition for declaratory judgment filed *pro se* by a prisoner, in which the prisoner challenged the calculation of his sentencing credits. The trial court dismissed the petition, holding that it lacked subject matter jurisdiction because the petitioner had failed to exhaust his administrative remedies. ***Campbell***, 2002 WL 598547, at *1.

In outlining the proceedings below, the appellate court in ***Campbell*** noted that the Attorney General had filed a motion to dismiss for lack of jurisdiction with the trial court without expressly stating the basis for the motion. *Id.* The Court surmised that the basis for the motion must have been the prisoner's failure to state in his complaint that he had exhausted his administrative remedies. *Id.* As observed by THEC in its appellate brief in this case, the ***Campbell*** Court then explained: "By virtue of Tenn. Code Ann. § 4-5-225(b), exhaustion of remedies is a necessary precondition to filing a petition for declaratory judgment under Tenn. Code Ann. § 4-5-225(a)." *Id.* After making this statement, however, the ***Campbell*** Court went on to address the issue of the trial court's subject matter jurisdiction in some detail.

Displaying a measure of pique at the Attorney General's apparent repeated assertion of lack of subject matter jurisdiction in response to prisoner lawsuits, the ***Campbell*** Court commented that the case "was yet another example of the Attorney's General's remarkable determination to assert this 'lack of subject matter jurisdiction' defense in circumstances where it is not warranted." *Id.* at *2. The Court explained:

> Tenn. Code Ann. § 4-5-225(a) clearly gives the Chancery Court of Davidson County subject matter jurisdiction over suits for declaratory judgment. Thus, any argument that the trial court somehow lacks subject matter jurisdiction over these suits is misplaced. Tenn. Code Ann. § 4-5-225(b)'s exhaustion

requirement does not affect the court's subject matter jurisdiction conferred in Tenn. Code Ann. § 4-5-225(a). Rather, it is a requirement that persons seeking a declaratory judgment must satisfy before the trial court will consider exercising its subject matter jurisdiction. ***Wilson v. Sentence Information Servs***., No. M1998-00939-COA-R3-CV, 2001 WL 422966, at *3 (Tenn. Ct. App. April 26, 2001) (No Tenn. R. App. P. 11 application filed); ***Watson v. Tennessee Dep't of Corr.***, 970 S.W.2d 494, 497 (Tenn. Ct. App.1998). Thus, persons who fail to allege that they have exhausted their statutorily required administrative remedies have failed to state a claim upon which relief can be granted. They have not divested the court of the jurisdiction expressly conferred by Tenn. Code Ann. § 4-5-225(a).

*Id.* Because the petitioner in that case did not allege in his petition that he had attempted to exhaust his administrative remedies, the appellate court affirmed the trial court's dismissal on a different ground, namely, that the petitioner prisoner had failed to state a claim on which relief could be granted. *Id.* at *3.

A similar analysis is contained in ***Coe v. City of Sevierville***. In ***Coe***, the petitioner filed a complaint for declaratory judgment in the trial court, seeking a declaration that she was entitled to a permit from the respondent city allowing her to demolish and rebuild an advertising display. At the time the petitioner filed the lawsuit, she had not applied for such a permit with the city, because a city representative had told her that the permit would not be granted. ***Coe***, 21 S.W.3d at 239.

The city filed a motion for summary judgment, arguing that the petitioner's lawsuit in ***Coe*** should be dismissed because she had failed to exhaust her administrative remedies prior to bringing the lawsuit. At a hearing on the motion, the trial court suggested to the petitioner that she file an application with the city to obtain the desired permit, indicating that the judicial proceedings would be held in abeyance pending resolution of the permit application. As suggested, the petitioner filed a building permit application with the city. However, instead of acting on the permit application, the city held the application in abeyance pending resolution of the judicial proceedings. *Id.* at 240. At that point, the trial court determined that the petitioner had exhausted her administrative remedies and adjudicated the complaint for declaratory judgment on the merits. Ultimately, the trial court held in favor of the petitioner and ordered the city to issue the permit. The city then appealed. *Id.*

On appeal, the city argued that the trial court did not have subject matter jurisdiction over the case because the petitioner had failed to exhaust her administrative remedies before she filed her lawsuit. Recognizing that "exhaustion is not statutorily required unless the statute 'by its plain words' requires it," the appellate court in ***Coe*** held that the trial court had

jurisdiction to hear the petitioner's claim, despite the fact that she did not file her permit application until after the lawsuit was filed. *Id.* at 241-42. The appellate court explained that, by her conduct, the petitioner had not "flouted" the administrative process:

> We conclude that the Trial Court had the discretion to hear Plaintiff's case after Defendant refused to make a decision on her application. In so holding, we acknowledge and apply the purposes of the exhaustion doctrine, as enumerated in *Thomas* [*v. State Bd. of Equalization*, 940 S.W.2d 563 (Tenn. 1997)]. Defendant is correct that Plaintiff did not file her application until after the filing of her lawsuit, she did file an appropriate application upon the Trial Court's suggestion that she do so. The Defendant simply refused to act on the application. Plaintiff did not "flout" the administrative process. Upon the Trial Court's suggestion, Plaintiff tried to comply with the administrative process. If any party flouted the administrative process, it was Defendant by refusing to act on Plaintiff's application despite the fact that she had filed the application at the urging of the Trial Court. We conclude that, under these facts, the complaint was properly before the Trial Court.

*Id.* at 242. Thus, the *Coe* court held that the trial court had subject matter jurisdiction over the petitioner's complaint for declaratory judgment, but under the exhaustion doctrine, had properly exercised its discretion not to act on the complaint until the petitioner exhausted her administrative remedies.

THEC relies on *Davis v. Sundquist*, 947 S.W.2d 155 (Tenn. Ct. App. 1997), in support of its position that the exhaustion requirement is jurisdictional. Like *Campbell*, *Davis* involved a complaint for declaratory judgment filed by three *pro se* prisoners, challenging the constitutionality of a Tennessee statute. Prior to instituting the judicial proceedings, none of the petitioner prisoners had properly filed a petition with an administrative agency.[2] In affirming the trial court's dismissal of the petitions, the appellate court in *Davis* stated:

> The [UAPA] provides the jurisdictional prerequisites for seeking review of an agency's actions through a declaratory judgment proceeding. "A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order."

---

[2]Actually, one of the three prisoners had filed a petition for declaratory relief with an administrative agency, albeit with the wrong agency, and that administrative petition had not been adjudicated at the time that the prisoner's petition for declaratory relief was filed with the trial court. The other two prisoner petitioners "did not even attempt to file a petition for declaratory order." *Davis*, 947 S.W.2d at 156.

Tenn. Code Ann. [now § 4-5-225(b)]. . . . Before seeking judicial review of the agency's action, the petitioner must attempt to resolve his or her grievances through agency procedures. A declaratory judgment action is premature if the petitioner proceeds directly to judicial review without seeking an administrative determination.

*Id.* at 156. The **Davis** Court noted that the petitioner prisoners did not allege that they had filed an appropriate administrative petition with the correct agency before the trial court ruled on the motion to dismiss. **Id.** Therefore, it affirmed the trial court's dismissal of the prisoners' complaint for declaratory judgment.

With these cases in mind, we now consider the issue presented in the case at bar. As noted in **Colonial Pipeline**, this appeal involves application of the exhaustion doctrine as it is incorporated into legislation. **Colonial Pipeline**, 263 S.W.3d at 839. Specifically, we are required to interpret and apply the exhaustion doctrine as stated in Tennessee Code Annotated § 4-5-225. As held in **Campbell**, discussed above, the plain language of Section 4-5-223(a) "clearly gives the Chancery Court of Davidson County subject matter jurisdiction over suits for declaratory judgment." **Campbell**, 2002 WL 598547, at *2. That jurisdiction is not taken away in subsection (b) of Section 4-5-225; subsection (b) states only that declaratory judgment "shall not be *rendered*" unless an administrative petition for a declaratory order has been filed and the agency has refused to issue such an order. Tenn. Code Ann. § 4-5-225(b) (emphasis added). Thus, as held in **Campbell** and **Coe**, the failure to exhaust administrative remedies does not leave the trial court without subject matter jurisdiction over a complaint for declaratory judgment. Rather, the trial court should not "consider exercising its subject matter jurisdiction" over a case until the exhaustion requirement has been satisfied. **Campbell**, 2002 WL 598547, at *2; **see also Colonial Pipeline**, 263 S.W.3d at 842 (recognizing that Section 4-5-225(b) "requires a prospective plaintiff to make a request for a declaratory order with an agency before bringing an action for declaratory judgment in the Chancery Court"). Therefore, the trial court below had subject matter jurisdiction over the Petitioners' complaint for declaratory judgment even though the administrative proceedings had not been resolved when the lawsuit was commenced. Under Section 4-5-225(b), however, the trial court was not permitted to *render* declaratory judgment until the statutory exhaustion requirement had been met.[3]

We recognize the Court's comment in **Campbell** that exhaustion "is a necessary precondition to *filing* a petition for declaratory judgment." **Campbell**, 2002 WL 598547, at *1 (emphasis added). We note, however, that the use of the phrase "filing a petition" is at odds with not

---

[3]The trial court may, for example, have held the judicial proceedings in abeyance until the administrative petition was resolved.

only the language of the statute, which makes exhaustion a precondition only to the *rendering* of declaratory judgment, it is also inconsistent with the subsequent in-depth analysis by the **Campbell** Court. In **Davis**, the Court did not engage in the type of in-depth analysis of subject matter jurisdiction that was conducted in **Campbell**. Thus, to the extent that **Davis** may be read as indicating that the Petitioners' failure to exhaust administrative remedies means that the trial court does not have subject matter jurisdiction over the Petitioners' lawsuit seeking declaratory judgment, we must respectfully decline to follow it, as it is contrary to the plain language in Section 4-5-225.

Accordingly, we must conclude that the trial court below had subject matter jurisdiction over this case, and that its dismissal for lack of subject matter jurisdiction must be reversed. The case must be remanded to the trial court for further proceedings.[4]

On appeal, THEC argues in the alternative that the trial court's dismissal should be affirmed on the basis that the Petitioners' complaint for declaratory judgment fails to state a claim upon which relief can be granted. The trial court did not reach this issue, but dismissed only on the basis of subject matter jurisdiction. For this reason, we decline to address this issue on appeal.

The decision of the trial court is reversed and the cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are to be taxed to Appellee Tennessee Higher Education Commission, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[4]On appeal, THEC argued that the filing of the Petitioners' complaint for declaratory judgment left it unable to convene a contested hearing on the administrative petition, even though it had intended to do so. We are not required in this appeal to address THEC's contention and we decline to do so.