Winslow Watson,                                )
    Petitioner/Appellant,                  )          Appeal Number
v.                                             )          01-A-01-9707-CH-00360
Tennessee Department of Correction,            )
Tennessee Board of Paroles, Correction         )          Rule Number
Corporation of America, and Jody               )          96-1581-II
Benjamin,                                      )
    Respondent/Appellee, et al.            )

**FILED**

**January 9, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE DAVIDSON COUNTY CHANCERY COURT

AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL L. McCOY, CHANCELLOR

WINSLOW WATSON, PRO SE
Turney Center Prison
Only, Tennessee 37140

JOHN KNOX WALKUP
Attorney General and Reporter
JOHN R. MILES
Counsel for the State
Cordell Hull Bldg., Second Floor
425 5th Avenue North
Nashville, Tennessee 37243-0488
    ATTORNEY FOR THE TENNESSEE DEPARTMENT OF
    CORRECTION AND THE TENNESSEE BOARD OF PAROLES

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

This is an appeal by petitioner/appellant, Winslow Watson, from a decision of the chancery court dismissing his petition for a declaratory judgment pursuant to the Declaratory Judgment Act, Tennessee Code Annotated section 29-14-101 to -113. The facts out of which this matter arose are as follows.

Petitioner filed an action in the United States District Court, Middle District of Tennessee, alleging a violation of his due process and Eighth Amendment rights. Petitioner alleged Jeff Morris, Jody Benjamin, Charles Self, and Richard Anderson violated his rights during a 16 November 1992 disciplinary proceeding. A jury heard the case and awarded Petitioner compensatory and punitive damages on 4 April 1996.

Petitioner then filed a petition for declaratory order pursuant to the Declaratory Judgment Act on 22 May 1996. He named the Tennessee Department of Correction ("TDC"), Tennessee Board of Paroles ("TBP"), the Correction Corporation of America ("CCA"), and Jody Benjamin[1] as respondents. Petitioner alleged the punishment rendered during the disciplinary proceeding had adversely affected his parole date. He then requested the following relief:

1. That the Parole Board be ordered to release Petitioner on parole immediately.
2. That Petitioner's conviction be rendered void for the violation of his [Eighth and Fourteenth] Amendments [sic] rights.
3. That any record of the November 16, 1992 disciplinary conviction be removed from my prison record, and the record of the I.A.S. placement.
4. That T.C.A. 41-24-110, 41-24-109 as it relates to contractors for correctional services be declared unconstitutional.

CCA responded by filing a motion to dismiss for failure to state a claim upon which relief can be granted. CCA argued Petitioner did not allege "any actions or inactions on behalf of [CCA] to which relief can be granted" and "[t]he Petition asked for declaratory relief that is not within the discretion or control of [CCA]." TDC and TBP filed a motion to dismiss pursuant to Tennessee Rules of Civil Procedure 12.02 on 20 September 1996. They alleged "petitioner has not met the jurisdictional

---

[1] The chancery court found there had not been a summons issued as to Jody Benjamin. Therefore, the court dismissed the action against Jody Benjamin for failure to prosecute.

requirement of Tenn. Code Ann. § 4-5-224 and [TBP] is exempt from the provisions of the Uniform Administrative Procedures Act, and consequently, from the declaratory judgment proceedings." Petitioner filed a motion for summary judgment and/or judgment on the pleadings on 27 September 1996. The court entered an order on 18 November 1996. It granted CCA's motion to dismiss and overruled Petitioner's motion for summary judgment and/or judgment on the pleadings, but did not address TDC and TBP's motion.

Petitioner filed a motion to amend on 19 December 1996. He requested the court return six months of good time credit revoked as a result of the disciplinary proceeding. Petitioner filed a second motion for summary judgment on 19 December 1996. The court granted Petitioner's motion to amend, but noted that the order did not affect the previous order granting CCA's motion to dismiss.

The court filed a memorandum and order on 30 January 1997. The court granting TDC and TBP's motion. Thereafter, Petitioner filed a timely notice of appeal as to the 30 January order. There are three issues before this court. These are: 1) whether a party can bring an action pursuant to the Declaratory Judgment Act against the State; 2) whether a party can bring a declaratory judgment action against TBP; and 3) whether a party must comply with Tennessee Code Annotated section 4-5-225(b) before filing an action for a declaratory order.

The most recent case to address the issue of whether a party can bring an action pursuant to the Declaratory Judgment Act against the State is *Spencer v. Cardwell*, 937 S.W.2d 422 (Tenn. App. 1996). In *Spencer*, the Western Section of this court affirmed a trial court's order dismissing a complaint for lack of subject matter jurisdiction. The plainitff in *Spencer* had brought an action pursuant to the Declaratory Judgment Act against the Department of Mental Health and Mental Retardation and its Commissioner. The appellate court began its analysis by discussing sovereign immunity. The court held: "no suit against the State may be sustained absent express authorization from the Legislature." *Spencer v. Cardwell*, 937 S.W.2d 422, 423 (Tenn. App. 1996) (citing *Coffman v. City of Pulaski*, 220 Tenn. 642, 422 S.W.2d 429 (1967)). The court then continued by explaining that Tennessee Code Annotated section 20-13-102(a) prohibits a court from entertaining a suit "against the state, or against any officer of the state acting by authority of the

state, with a view to reach the state, its treasury, funds, or property." TENN. CODE ANN. § 20-13-102(a) (1994). Next, the court held that the doctrine of sovereign immunity and Tennessee Code Annotated section 20-13-102(a) apply to actions brought pursuant to the Declaratory Judgment Act. Fianlly, the court held that the limitation in Tennessee Code Annotated section 20-13-102(a) "bars not only suits with a view to reach state funds, but also suits 'with a view to reach the state' itself. *Spencer*, 937 S.W.2d at 424 (quoting *Greenhill v. Carpenter*, 718 S.W.2d 268, 272 (Tenn. App. 1986)); *see also Hill v. Beeler*, 199 Tenn. 325, 331-32, 286 S.W.2d 868, 870-71 (Tenn. 1956) (recognizing the general lack of legislative authority within the Decalaratory Judgment Act to bring an action against the State). *But see Campbell v. Sundquist*, 926 S.W.2d 250, 256-57 (Tenn. App. 1996) (holding that a party may bring an action under the Declaratory Judgment Act to challenge the constitutionality of a state statute and distinquishing *Hill v. Beeleer*).

It is the opinion of this court that the court's analysis in *Spencer* applies to Petitioner's case as well. There is no evidence the General Assembly affirmatively authorized suits against the State when it enacted the Declaratory Judgment Act. *See Hill*, 286 S.W.2d at 871. Therefore, it follows that the chancery court lacked subject matter jurisdiction.

Having found that Petitioner can not proceed under the Declaratory Judgment Act, we now determine whether he can proceed under the Uniform Administrative Procedures Act ("UAPA"), Tennessee Code Annotated section 4-5-101 through -325. This leads us to the second and third issues. The UAPA explicitly provides that TBP is not subject to the declartory order and judgment sections of the UAPA. TENN. CODE ANN. § 4-5-106(c). Thus, Peititoner can not bring a declaratory judgment action against TBP under either the UAPA or the Declaratory Judgment Act. Therefore, the chancery court lacked subject matter jurisdiction as to TBP.

This leaves us with the issue of whether Petitioner could rely on the UAPA to support his claim against TDC. A petitioner must comply with Tennessee Code Annotated section 4-5-225(b) before filing an action for a declaratory judgment. That section provides: "A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a

declaratory order." TENN. CODE ANN. § 4-5-225(b) (Supp. 1997). The plain language of this subsection requires a petitioner to request a declaratory order from the agency prior to filing a petition for declaratory judgment. There is no evidence Petitioner ever filed a petition for declaratory order. Therefore, the chancery court lacked subject matter jurisdiction as to TDC.

Therefore, it follows that the decision of the chancery court is affirmed and the case is remanded to the chancery court for any furhter necessary proceedings. Costs on appeal are taxed against petitioner/appellant, Winslow Watson.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR. JUDGE

5