# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

FILED

October 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JOHNNY J. CRASS, JR., | ) | |
| | ) | NO. 03A01-9810-BC-00343 |
| Plaintiff/Appellant | ) | |
| | ) | Claims Commission No. 500545 |
| vs. | ) | |
| | ) | |
| STATE OF TENNESSEE, | ) | Hon. Michael S. Lacy, |
| | ) | Commissioner |
| Defendant/Appellee. | ) | |

**For the Appellants:**

Johnny Joe Crass, Jr.
7204 Larkspur Lane Lot 47
Powell, TN 37849

**For the Appellee:**

Paul G. Summers
Attorney General and Reporter

Arthur Crownover II
Assistant Attorney General
Civil Rights and Claims Division
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0488

VACATED AND REMANDED                                    Swiney, J.

## OPINION

This is an appeal from an Order of the Tennessee Claims Commission which dismissed

the Petitioner/Appellant's claim for false imprisonment. The dismissal by the Claims Commission was

based upon its determination that Appellant had not stated a cause of action subject to the jurisdiction of the Commission, and that Appellant had failed to file his claim within the applicable one year statute of limitations. Appellant appeals, raising the following issues, which we quote verbatim:

1. "Whether the State has conspired to deprive Appellant of his constitutional rights for which they are liable."

2. "Whether Appellant has filed his claim within the applicable one-year statute of limitations."

The Appellee says that "[t]he Tennessee Claims Commission correctly dismissed this action on the ground that it was barred by the statute of limitation; however, in any event, the Claims Commission has no jurisdiction over a claim of false imprisonment."

We vacate the decision of the Claims Commission and remand the petition to the Division of Claims Administration, Tennessee Claims Commission, for transfer to the Board of Claims, for the reasons herein stated.

## BACKGROUND

On September 22, 1989, Appellant was arrested and charged with first degree murder. At trial, he was found guilty of second degree murder. He appealed the conviction, and in September 1992, he was granted a new trial based on a finding of ineffective assistance of counsel in the first trial. The second trial was held December 9 - 11, 1994, and resulted in his acquittal by the jury.

On September 19, 1995, acting pro se, he filed a form styled "Claim for Damages Against the State of Tennessee," on a pre-printed form bearing the heading *"Board of Claims, 1206 Andrew Jackson State Office Building, Nashville, Tennessee 37219."* The form is stamped "Received Sep 19 1995 Division of Claims Administration." On this form, Appellant alleged that he was falsely imprisoned for nearly six years and sought damages against the State of $500,000.

On September 22, 1995, the Division of Claims Administration filed a "Notice of Potential Liability" with the "Correction Dept-Div of Admin," apparently notifying the department that the Division of Claims Administration had received the claim. On December 20, 1995, the Tennessee Claims Commission filed a "Notice of Transfer from Division of Claims Administration," notifying

Appellant that "the Division of Claims Administration has been unable to act on your claim within ninety (90) days and is transferring your claim to the Claims Commission pursuant to Tennessee Code Annotated, Section 9-8-402(c)."

On May 15, 1996, Petitioner sent a letter to the Tennessee Claims Commission, Volunteer Plaza Building, 500 James Robertson Parkway, Nashville, Tennessee 37243-0565, which was stamped "Filed May 20 1996 Tennessee Claims Commission." The "To Whom It May Concern" letter enclosed an affidavit, certificate of service, and 49 pages of attachments, in support of "the aforementioned claim case no. 96500545, transferred to the Claims Commission on the 19th day of December, 1996 [sic-1995] . . . Claimant trusts that this affidavit is received in the proper department and if not that it will be returned to him with the appropriate mailing address for which to file."

On August 12, 1996, the State of Tennessee, by and through the Office of the State Attorney General, filed, in the Claims Commission, an Answer, in which the State raised the affirmative defenses that (1) claimant has failed to state a claim upon which relief can be granted; (2) this claim is barred by the applicable statute of limitations; (3) the Commission lacks subject matter jurisdiction to hear this claim; and (4) any damages suffered by claimant were not proximately caused by any negligence on the part of any State employee. On August 27, 1996, the State filed a Motion to Dismiss under Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted and Tenn. R. Civ. P. 12.02(1) for lack of jurisdiction over the subject matter, and because the claim was barred by the one year statute of limitations in T.C.A. § 28-3-104(a)(1).

On November 13, 1996, the Claims Commission filed an Order Allowing Extension of Time to Appellant, who had requested the extension of time to respond to the State's Motion to Dismiss. On November 19, 1996, Petitioner filed a Response to State's Motion to Dismiss. He argued that T.C.A. § 9-8-307 authorized the Commission to hear the claim, that his court-appointed counsel at trial, Ron Smith, who was a private attorney, is not immune from suit, and that the one-year statute of limitations did not begin to run on his claim until he was acquitted.

The Commissioner dismissed the claim on July 1, 1998, for failure to state a cause of

action subject to the jurisdiction of the Commission and failure to file the claim within the applicable one-year statute of limitations. This appeal was filed.

## DISCUSSION

The standard of review of administrative agency decisions on appeal is found in T.C.A. § 4-5-322, which provides in pertinent part:

**§ 4-5-322. Judicial review. -**

(h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in light of the entire record.

We find the issue of the jurisdiction of the Claims Commission to be dispositive. A brief explanation of the jurisdiction of the Board of Claims and the Claims Commission is in order.

The Board of Claims is composed of five members: the Commissioner of Personnel, Commissioner of Finance and Administration, State Treasurer, Comptroller of the Treasurer and Secretary of State, or their designees. The Board hears claims arising after January 1, 1985 that *do not* fall within the jurisdiction of the Tennessee Claims Commission. T.C.A. § 9-8-101(c). The jurisdiction of the Board of Claims is set out in T. C. A. § 9-8-108, which provides, as pertinent:

(a) The board of claims shall:
(1) Have the authority, but is not required, to investigate and hear claims and make awards when appropriate in cases based on acts or omissions of state officers or employees where a claim *does not fall within the jurisdiction of the claims commission* under § 9-8-307(a). The board of claims shall not have jurisdiction over any claim arising under § 9-8-307(a) . . . . [*Emphasis added*]

* * *

(7) [The board of claims shall] Hear claims for compensation by persons wrongfully imprisoned and granted an exoneration or unconditional pardon due to innocence;

The Tennessee Claims Commission is an administrative tribunal consisting of three members, one from each grand division of the state, T.C.A. § 9-8-301. The Commission has jurisdiction to hear *only* the claims specifically enumerated in T.C.A. § 9-8-307, which does not include claims for false imprisonment. Accordingly, Appellee is correct in its argument that the Board of Claims, and not the Claims Commission, has authority to hear Appellant's claim.

Part 4 - Division of Claims Administration, T.C.A. § 9-8-402(a)(4) provides:

> The notice to the division [of claims administration] is deemed to be notice to the employer for workers' compensation purposes. *Claims not within the jurisdiction of the claims commission shall be sent to the board of claims.* A copy of any claim filed with or transferred to the claims commission must be served on the attorney general and reporter and the division of claims administration by certified mail, return receipt requested, or by such other method as the attorney general and reporter deems appropriate. [*Emphasis Added*]

Appellee is correct in its argument that the Claims Commission had no jurisdiction over Appellant's claim of false imprisonment. Since the Claims Commission had no jurisdiction to hear Appellant's claim for false imprisonment, it did not have the power to determine whether or not Appellant 's claim was timely filed. Appellant's claim should have been sent to the Board of Claims, which does have jurisdiction to hear Appellant's claim of false imprisonment.

It is clear that the State can be sued only with its consent and by following the procedure expressly authorized by the legislature. *See Coffman v. City of Pulaski, 220 Tenn. 642,* 422 S.W. 2d. 429 (Tenn. 1967); *Watson v. Tenn. Dept. of Correction*, 970 S.W. 2d 494 (Tenn. App. 1998); *Crowe v. John W. Harton Mem. Hosp.*, 579 S.W. 2d 888 (Tenn. App. 1979). The Tennessee Legislature has determined that a claim for false imprisonment must be brought in the Board of Claims. The Tennessee Legislature has also determined that a claim ". . .not within the jurisdiction of the Claims Commission shall be sent to the Board of Claims."

Since Appellant's claim is not within the jurisdiction of the Claims Commission, the case

must be sent to the Board of Claims, under T.C.A. § 9-8-402(a)(4), which may or may not decide to

hear Appellant's claim. As explained by our Supreme Court in *Shell v. State,* 893 S.W.2d 416 (Tenn.

1995):

> Although the Board of Claims does have residual jurisdiction over claims falling outside the jurisdiction of the Claims Commission, Tenn. Code Ann. § 9-8-108(1), the Board of Claims is not **required** to hear any claim that is presented to it; its authority to hear claims is **purely discretionary.** § 9-8-108(1). There is no statutory authority to appeal from the Board's decision not to hear a claim. Moreover, a decision on the merits of the claim rendered by the Board of Claims is not appealable, § 9-8-108(1), whereas a final decision rendered by the Claims Commission is appealable to the Court of Appeals. Tenn. Code Ann. § 9-8-403(1). Therefore, it is clear that once the Claims Commission is divested of jurisdiction over a particular claim, the plaintiff no longer possesses an unqualified right to have a state administrative tribunal determine the merits of the claim.

## CONCLUSION

The decision of the Claims Commission is vacated and this case is remanded to the

Division of Claims Administration, Tennessee Claims Commission, for transfer to the Board of Claims for

all appropriate purposes consistent with this opinion. Costs of this appeal are taxed equally to the

Appellee and the Appellant.

_____
D. MICHAEL SWINEY, J.

**CONCUR:**

_____
HOUSTON M. GODDARD, P.J.

_____
CHARLES D. SUSANO, JR., J.