IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS December 1, 2009

## ERIC THOMAS v. STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission**
**No. T20090406-1     Nancy C. Miller Herron, Commissioner**

_____

**No. W2009-01399-COA-R3-CV - Filed December 29, 2009**

_____

Appellant, an inmate of the Tennessee Department of Correction, filed a claim in the Claims Commission, alleging that the Department of Correction had failed to apply 831 days of pretrial jail credit to his criminal sentences. Appellee State of Tennessee filed a motion to dismiss. The Claims Commission granted the State's motion to dismiss on the ground that Appellant had not exhausted his administrative remedies, and denied Appellant's motion for new trial or amendment of judgment. Appellant appeals. We affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Tennessee Claims Commission Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. Highers, P.J., W.S., and DAVID R. FARMER, J., joined.

Eric Thomas, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Michael E. Moore, Solicitor General, Pamela S. Lorch, Senior Counsel, Nashville, Tennessee, for Appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

Appellant Eric Thomas, an inmate of the Tennessee Department of Correction ("TDOC"), was initially sentenced, on May 24, 1999, for several counts of robbery. The trial court found him to be a "dangerous offender," and ordered his sentences to be served consecutively. On appeal, the

---

[1]This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Court of Criminal Appeals vacated a portion of the trial court's order and remanded the matter for further findings on possible alternative grounds for consecutive sentences. ***State v. Thomas***, No. W1999-00337-CCA-R3-CD, 2001 WL 721054 (Tenn. Crim. App. June 26, 2001). Specifically, the Court of Criminal Appeals held that the trial court could still find Mr. Thomas eligible for consecutive sentences as a "professional criminal." Upon remand, the trial court corrected its initial finding that Mr. Thomas was a "dangerous offender," and instead found that he was a "professional criminal." This finding did not change the length of Mr. Thomas's initial sentence, nor did it change the initial ruling that the sentence would be served consecutively; however, Mr. Thomas alleges that the trial court did not enter an amended order reflecting the status change from "dangerous offender" to "professional criminal."

This is actually Mr. Thomas's second lawsuit in the Claims Commission on this claim. In both his claims, Mr. Thomas avers that he is entitled not only to pre-trial jail credit from his arrest on February 2, 1997 until his initial sentencing on May 24, 1999, but that he is also entitled to credit for time spent in incarceration from May 25, 1999 until his sentence was vacated on June 26, 2001, and for 516 days of behavior/program credits. In total, Mr. Thomas claims that he is entitled to 831 days credit.

The first claim was filed with the Claims Commission on January 12, 2007. While this claim was pending, it appears that on March 9, 2007, Mr. Thomas also filed a request for declaratory judgment in the Davidson County Chancery Court. By Order of September 24, 2007, the Chancellor held, in relevant part, that:

> Tenn. Code Ann. §4-5-224(a) empowers the Chancery Court...to hear and decide declaratory judgment actions concerning the "legal validity or applicability of a statute, rule or order of an agency to specified circumstances." As statutory prerequisites for bringing a declaratory judgment action under Tenn. Code Ann. §4-5-224, the complainant must first have requested a declaratory order from the agency pursuant to Tenn. Code Ann. § 4-5-223 and the agency must have declined to issue a declaratory order. Tenn. Code Ann. § 4-5-224(b).

> \*                          \*                          \*

> [Although] the Department[] assert[s] that the Petitioner failed to exhaust his administrative remedies, the pleadings demonstrate that he did seek a declaratory order from the Department. That said, the relief the Petitioner seeks before this court is not the same relief that he sought from the Department.

> \*                          \*                          \*

In this proceeding, the Petitioner asserts that this court is required to find that his multiple sentences are being served concurrently because the trial court, while finding that the Petitioner was a professional criminal...failed to enter an Amended Judgment. It is on this basis that he seeks a declaratory judgment. This is not the same ground upon which he sought a declaratory judgment from the Department.

\*                                    \*                                    \*

The court acknowledges that "sentence credit disputes should be resolved through the Administrative Procedures Act." ***Vaughn v. State***, 1994 WL 53845 (Tenn. Crim. App. 1994). However, the Petitioner is seeking to use the Administrative Procedures Act to have this court fashion relief that is properly the sole jurisdiction of the criminal trial court.... If the Petitioner is correct that the criminal trial judge failed to issue an Amended Judgment with the specific finding that he is a professional criminal, so that his sentences run consecutively, he must seek relief from the criminal court. If he believes that the criminal trial court erred, his remedy may be pursued through the Tennessee Rules of Criminal Procedure.

\*                                    \*                                    \*

For the above stated reasons, this proceeding is dismissed–not for failure to exhaust administrative remedies, but for lack of subject matter jurisdiction....

Following the ruling from the Chancery Court on Mr. Thomas's motion for declaratory judgment, the Appellee State of Tennessee filed a motion to dismiss Mr. Thomas's first claim with the Claims Commission. By Order of October 30, 2007, the Claims Commission dismissed, on jurisdictional grounds, the portions of Mr. Thomas's claim dealing with intentional acts, violation of civil rights, and negligent violation of statutory rights. The October 30, 2007 Order states, in pertinent part, that:

Although the pleadings are not artfully drafted, [Mr. Thomas] also appears to allege that employees of the Tennessee Department of Correction, hereinafter referred to as TDOC, improperly calculated his time, failing to give him credit for the time he served between May 25, 1999 and June 26, 2001.

The Commission would note that it is not clear from the record whether Mr. Thomas exhausted available administrative

-3-

remedies prior to filing his claim. The TDOC is the agency responsible for calculating inmate sentences in accordance with the sentencing court's judgment and with applicable sentencing statutes. ***Bonner v. Tennessee Dept. of Correction***, 84 S.W.3d 576, 582 (Tenn. Ct. App. 2001). Review of the TDOC's calculations may be obtained under the Uniform Administrative Procedures Act, § 4-5-101 *et seq*; ***Bonner***, 84 S.W.3d at 583,[] an inmate must first seek a declaratory order regarding the sentence calculation from the Department. ***See Watson v. Tennessee Dept. of Correction***, 970 S.W.2d 484, 497 (Tenn. Ct. App. 1998).

The Commission continued the matter for the parties to submit documents and pleadings to determine whether Mr. Thomas had exhausted his administrative remedies. On November 1, 2007, the State renewed its motion to dismiss on the ground that Mr. Thomas failed to show that he had exhausted his administrative remedies by seeking a declaratory order with the TDOC. By Order of February 21, 2008, the Claims Commission granted the State's motion, and dismissed Mr. Thomas's first claim in its entirety for failure to exhaust administrative remedies.

There is no indication in the record that Mr. Thomas took any further action to exhaust his administrative remedies or to otherwise appeal the trial court's decision to the Court of Criminal Appeals; however, on October 8, 2008, Mr. Thomas again filed suit in the Claims Commission, alleging that he is entitled to 831 days credit. On March 17, 2009, the State moved the Claims Commission to again dismiss Mr. Thomas's claim for failure to exhaust administrative remedies. By Order of April 29, 2009, the Claims Commission granted the State's motion, and dismissed Mr. Thomas's claim for the second time. In response, Mr. Thomas filed a motion for new trial or amendment of judgment, which motion was subsequently denied by order of June 23, 2009. Mr. Thomas appeals. The sole issue before this Court is whether the Claims Commission erred in dismissing Mr. Thomas's second claim for failure to exhaust his administrative remedies.

Once an inmate is in the custody of the Department of Correction, an agency of the state government, the proper avenue by which to address sentence reduction credits is through the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-101, et seq. ("UAPA"). ***State v. David N. Kuntz***, No. 01C01-9101-CR-00019, 1991 WL 101857 (Tenn. Crim. App., June 14, 1991), perm. to appeal denied, (Tenn.1991). The UAPA provides:

> A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order.

Tenn. Code Ann. § 4-5-225(b). If the petitioner claims that TDOC incorrectly calculated his sentence, he must first seek a declaratory order regarding the calculation from the TDOC. ***Bonner v. Tenn. Dep't of Corr.***, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001)(citing Tenn. Code Ann. §4-5-

225(b); ***Watson v. Tenn. Dep't. of Corr.,*** 970 S.W.2d 494, 497 (Tenn. Ct. App. 1998)). Furthermore, until the petitioner seeks a declaratory order from the appropriate agency, the court does not have subject matter jurisdiction over the petition. ***Id.***

We have thoroughly reviewed the complaint and the entire record, giving every possible benefit to Mr. Thomas as a *pro se* litigant. ***See Hessmer v. Hessmer***, 138 S.W.3d 901, 903-04 (Tenn. Ct. App.2003). We find that Mr. Thomas failed to seek a declaratory order from the TDOC prior to seeking judicial review of the TDOC's actions. "A declaratory judgment action is premature if the petitioner proceeds directly to judicial review without seeking an administrative determination." ***Davis v. Sundquist,***, 947 S.W.2d 155, 156 (Tenn. Ct. App. 1997). Consequently, the Claims Commission correctly found that Mr. Thomas cannot seek relief from the Commission until he first exhausts his administrative remedies. Moreover, because Mr. Thomas failed to seek a declaratory order from the TDOC, the Claims Commission lacked subject matter jurisdiction over his petition. *See* ***Bonner***, 84 S.W.3d at 583.

For the foregoing reasons, we affirm the order of the Claims Commission, dismissing Mr. Thomas's claim. Costs of this appeal are assessed to the Appellant, Eric Thomas.

_____
J. STEVEN STAFFORD, J.