IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2011

# DANNY A. STEWART v. GAYLE RAY, COMMISSIONER, TDOC ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 10-457-II      Carol L. McCoy, Chancellor**

---

**No. M2010-01808-COA-R3-CV - Filed May 19, 2011**

---

Danny A. Stewart, a prisoner serving multiple sentences, some concurrently and some consecutively, filed a petition for certiorari naming as respondents the Commissioner of the Department of Correction and heads of various other agencies allegedly responsible for determining his eligibility for parole (collectively referred to as "TDOC"). He alleges TDOC is incorrectly calculating his eligibility for parole in that it is basing its calulation on the aggregate consecutive sentences of 42 years, whereas the correct method is to calculate eligibility on each separate sentence so that he would start serving his next consecutive sentence as an "in custody" parolee of his earliest consecutive sentence. The trial court dismissed the case based on Stewart's failure "to exhaust his administrative remedies," *i.e.*, by seeking a "declaratory order from TDOC before filing the present action." Stewart appeals. We vacate the order of dismissal and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Danny A. Stewart, Nashville, Tennessee, appellant, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Pamela S. Lorch, Senior Counsel, Nashville, Tennessee, for the appellees, Gayle Ray, Commissioner, Tennessee Department of Correction; Candice Whisman, Director, Sentence Claculation/Sentence Information Department; Tennessee Board of Probation and Parole; William Parsons, Director, Parole Hearings; and Charles Traughber, Chairperson, Tennessee Board of Probation and Parole.

# OPINION

## I.

In 2003, Stewart entered a guilty plea to multiple drug charges. He was sentenced to prison on each charge, some to be served concurrently and some to be served consecutively. The consecutive sentences total 42 years, in increments of 20 years, 12 years and 10 years. He was first denied parole in 2006 after a "safety valve" hearing; he was scheduled for a rehearing in three years. On October 19, 2009, the subsequent parole hearing was held. Stewart was again denied parole. He filed a request for an appeal hearing with the Tennessee Board of Probation and Parole based on alleged "significant procedural errors." He attached to his request an explanation of his reasons in which he argued that, pursuant to *Howell v. State*, 569 S.W.2d 428 (Tenn. 1978), an inmate with separate determinate sentences must be considered for parole on each sentence separately. He argued that TDOC was acting in violation of *Howell* by calculating his eligibility based on his aggregate sentence of 42 years. The Board of Probation and Parole denied the appeal in a letter dated January 27, 2010. The letter advised Stewart that the review was conducted in accordance with Tenn. Code Ann § 40-28-105 and the Administrative Rules and Regulations of the Tennessee Board of Probation and Parole, and, significantly, further advised that the "disposition is final and there is no further appeal recourse available to you on this matter through the Tennessee Board of Probation and Parole."

On March 17, 2010, Stewart filed his petition for writ of certiorari. The substance of his allegations is that he became eligible for parole sometime in 2006 and that, at least by the time of the 2009 parole hearing, he should have been earning credit toward his second sentence as an in custody parolee on his first sentence. This, according to the allegations of Stewart's complaint, is what *Howell* requires. The complaint also fairly alleges that even after Stewart attempted to bring the error to TDOC's attention through his administrative appeal, it persisted in its error. The complaint incorporates numerous exhibits which include TDOC's notification of denial of parole, the request for appeal, and the denial of appeal. The complaint specifically alleges that "once [Stewart] has complied with his right to appeal . . . the [TDOC] decision to deny him parole from custody, there exists no other plain, speedy, or adequate remedy available for him to address the issues . . . ."

TDOC filed a motion to dismiss on the sole ground that "Stewart has failed to allege and show that he filed a petition for declaratory order from the Tennessee Department of Correction prior to filing the court petition, in derogation of Tenn. Code Ann. § 4-5-225(b)." The trial court agreed with TDOC and granted the motion. The order of dismissal states, in pertinent part:

Although the Petitioner has styled this case as a certiorari action, the statutory scheme implementing common law certiorari envisions judicial review of a final order or judgment issued after a hearing by a board, commission, or officer exercising judicial or quasi-judicial authority. *Bernard v. Metropolitan Government of Nashville and Davidson County*, 237 S.W.3d 658, 664 (Tenn. Ct. App. 2007). The statutes also contemplate that a record of the hearing will be examined by the reviewing court. *Id*. In contrast, a declaratory judgment action brought pursuant to Tenn. Code. Ann. § 4-5-225 of the Uniform Administrative Procedures Act ("APA") is an original action that allows a party to challenge the legal validity of a statute, rule, or order of an agency, or its application to specific circumstances. *Utley v. Rose*, 55 S.W.3d 559, 562-563 (Tenn. Ct. App. 2001).

In the present case, the Petitioner contends that TDOC failed to schedule him for custodial parole hearings on his consecutive determinate sentences. There is no underlying hearing to form the basis for certiorari review.[1] Instead, the Petitioner alleges that the Respondents have misapplied the law to his particular circumstances. Accordingly, this action is properly characterized as a Declaratory Judgment action.

Before seeking a declaratory judgment, a petitioner must first seek a declaratory order from the underlying agency. *Watson v. Tennessee Department of Correction*, 970 S.W.2d 494, 497 (Tenn. Ct. App. 1998). Tenn. Code Ann. § 4-5-225(b) states that

> a declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and

---

[1] The Petitioner states that he had a parole hearing on October 19, 2009, as a result of which he was denied parole. He further states that he appealed the denial on December 10, 2009 and that his appeal was denied in a letter dated January 27, 2010. The Petitioner is not seeking judicial review of this parole decision in the present action.

> the agency has refused to issue a declaratory order.
>
> Thus, before this case can proceed, the Petitioner is required by statute to exhaust his administrative remedies.
>
> Nowhere in the petition does the Petitioner state that he sought a declaratory order from TDOC before filing the present action. The Tennessee Supreme Court has stated that "[i]n no uncertain terms, [Section 4-5-225] requires a prospective plaintiff to make a request for a declaratory order with an agency before bringing an action for a declaratory judgment in the Chancery Court." *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 842 (Tenn. 2008)(citing *Watson v. Tenn. Dep't of Corr.*, 970 S.W.2d 494 (Tenn. Ct. App. 1998)).

(Brackets and footnote in original.)

## II.

Stewart has articulated several issues in his brief, but the focus of his appeal is whether the trial court erred in dismissing his case for failure to exhaust his administrative remedies. Our standard of review of such a dismissal is *de novo* without a presumption of correctness. *Bernard v. Metropolitan Government*, 237 S.W.3d 658, 662 (Tenn. Ct. App. 2007).

## III.

There can be no doubt that one seeking a declaration that his sentence is being improperly calculated for parole purposes must first allow TDOC or its designee an opportunity to address the question. As we stated in *Bonner v. Tennessee Dept. Of Correction*, 84 S.W.3d 576 (Tenn. Ct. App. 2001),

> It is settled that an inmate may seek judicial review of the Tennessee Department of Correction's calculation of the prisoner's sentence, including reduction credits, pursuant to Tenn.Code Ann. § 4–5–101 et seq , but that inmate must first seek a declaratory order regarding the sentence calculation from the Department. Tenn.Code Ann. § 4–5–225(b); *Watson v.*

-4-

> ***Tennessee Dep't of Corr.***, 970 S.W.2d 494, 497 (Tenn. Ct. App. 1998); *see also* ***Jones[v. Reynolds]***, 1997 WL 367661, at *2 [(Tenn. Ct. App. July 2, 1997)] (the manner of calculation of prisoner's sentence, including credits, was subject to review by petition for declaratory judgment).
>
> The plain language of Tenn.Code Ann. § 4–5–225 requires a petitioner to seek a declaratory order from the agency as a prerequisite to filing a petition for declaratory judgment with the court. Absent evidence that such an order was sought, the petition must be dismissed for lack of subject matter jurisdiction. ***Watson***, 970 S.W.2d at 497.

***Id***. at 583; *but see* ***Colonial Pipeline Co. v. Morgan***, 263 S.W.3d 827 (Tenn. 2008)(holding some applications of the statute to be unconstitutional in violation of the separation of powers doctrine).

The statute relied upon by us in ***Bonner*** states as follows:

> A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order.

Tenn. Code Ann. § 4-5-225(b)(2005).

We note, however, that neither the statute nor the cases specify the exact form that a request for a declaratory order from the agency must take. In the absence of authority to the contrary, we hold that any written request which makes the agency aware of the substance of the controversy and asks the agency to act in accordance with a suggested course of action is sufficient.

Stewart argues that, after TDOC denied his appeal, he had "no other administrative remedy to exhaust; nor, is there any plain, speedy, or adequate administrative remedy to address the issue(s) raised after the . . . decision [to deny in custody parole]." We agree. Stewart's request for appeal to TDOC clearly raised the issue of whether the TDOC was calculating his sentence and his eligibility for parole in contravention of ***Howell***. Further, it asked TDOC to act in accordance with ***Howell*** and to not base eligibility for parole on his aggregate sentence. TDOC denied Stewart's request and told him that the decision was final and that there was no further avenue of appeal. We hold that the request for appeal on the

basis of **Howell** and the letter denying appeal satisfied the requirement of requesting a declaratory order from the agency prior to filing what the trial court treated as a declaratory judgment action.

Alternatively, we hold that, even if the trial court did not have subject matter jurisdiction over the case as a declaratory judgment action, it had subject matter jurisdiction through the writ of certiorari, codified now at Tenn. Code Ann. § 27-9-101 (2000)[2]. It is not always easy to determine whether a case is properly brought as a declaratory judgment action or by demand for a writ of certiorari. *See **Bernard***, 237 S.W.3d at 662-65; ***Thompson v. Department of Codes Admin.***, 20 S.W.3d 654, 659-60 (Tenn. Ct. App. 1999). In general illustrative terms, a declaratory judgment action is the proper vehicle to challenge the validity of a statute or a rule, whereas certiorari is the vehicle for challenging an agency's final determination after a hearing that requires application of the statute or rule. **Bernard**, 237 S.W.3d at 665. Sometimes, however, provided the case is timely filed and the jurisdictional prerequisites are met, a given case might qualify for judicial review under both the declaratory judgment statute and the writ of certiorari. *See **Bonner***, 84 S.W.3d at 582-83 (case was untimely as an action for certiorari and did not ask for a declaratory order of the agency so as to qualify as a declaratory judgment action); ***Thompson***, 20 S.W.3d at 660 (since the litigant did not perfect a certiorari action by asking for a hearing that would allow preparation of a record for judicial review, the matter would be reviewed as a declaratory judgment action).

In the present case, Stewart did all he could do to secure a hearing with the TDOC that would allow for review, and he appealed the matter as high as he could within the administrative agency. Morever, he alleged in his petition that the agency was acting illegally and beyond its jurisdiction, and he filed the matter as a "petition for common law writ of certiorari" less than 60 days of the denial of his request for appeal. His petition specifically references "T.C.A. § 27-9-101 et seq." as a basis of jurisdiction. We are aware

_____

[2]The statute provides, in pertinent part, as follows:

> Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have the order or judgment reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter.

*Id*.

that the trial court stated in a footnote to its order of dismissal that "Petitioner is not seeking judicial review of [the denial of parole as a result of the October 19, 2009, hearing and the denial of appeal by letter of January 27, 2010] in the present action." We believe the trial court is reading the allegations of the pro se complaint too narrowly. Courts must be mindful when dealing with a pro se litigant to read the pleadings for their substance more than for their form. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003). Pleadings prepared by pro se litigants are entitled to be construed with as much liberality as pleadings prepared by attorneys. *Id*. We believe it is clear that the substance of Stewart's petition is that he *is* "seeking judicial review of the . . . parole decision in this action." It is also clear that part of the reason he is seeking judicial review is that TDOC continued to ignore *Howell*, thereby acting illegally and outside its authority, even after he had pointed out the problem in his request for appeal from the parole hearing. It is true that Stewart also alleged that TDOC violated *Howell* by not holding hearings as they came due. This, we believe, is fairly read as a permissible alternative pleading. Tenn. Rule. Civ. P. 8.05(2). We hold, therefore, that the trial court had subject matter to review the administrative action of TDOC pursuant to Tenn. Code Ann. § 27-9-101.

Rather than address the merits, we will remand this matter to the trial court for a determination of the merits of the case. Nothing herein is intended to state an opinion one way or the other on the merits of the case. We merely hold that the trial court erred in holding that it did not have subject matter jurisdiction to hear this case.

IV.

The judgment of the trial court is vacated. Costs on appeal are taxed to the appellees, Gayle Ray, Commissioner, Tennessee Department of Correction; Candice Whisman, Director, Sentence Calculation/Sentence Information Department; Tennessee Board of Probation and Parole; William Parsons, Director, Parole Hearings; and Charles Traughber, Chairperson, Tennessee Board of Probation and Parole. This case is remanded, pursuant to applicable law, for further proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE