# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 15, 2012

## HAROLD TOLLEY v. ATTORNEY GENERAL OF TENNESSEE, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 11-888-I      Claudia Bonnyman, Chancellor**

---

**No. M2012-00551-COA-R3-CV - Filed October 29, 2012**

---

Appellant inmate filed a petition for Declaratory Judgment in the Davidson County Chancery Court, arguing that Tennessee Code Annotated Section 40-35-501(i) is unconstitutional as applied to life sentences with the possibility of parole. The Appellee Department of Correction filed a motion to dismiss, arguing that the Appellant's failure to seek a Declaratory Order from the Department of Correction constituted the failure to exhaust administrative remedies. The trial court granted the motion to dismiss. Discerning no error, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,W.S., and DAVID R. FARMER, J., joined.

Harold Tolley, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; William Young, Solicitor General; Pamela S. Lorch, Senior Counsel, for appellee, Attorney General of Tennessee, Tennessee Department of Corrections, Tennessee Board of Probation and Paroles and the State of Tennessee.

## OPINION

## I. Background

Appellant Harold Tolley is an inmate of the Appellee Tennessee Department of Correction ("the Department"); he is currently serving a life sentence for first degree murder,

with the possibility of parole.[1] On July 6, 2011, Mr. Tolley, appearing *pro se*, filed a Petition for a Declaratory Judgment in the Davidson County Chancery Court. Mr. Tolley sought a Declaratory Judgment on the following questions:

1. Are Tennessee Code Annotated Sections 40-35-501(i)(1) & (2)(a) constitutional as applied to a life sentence?
2. May a statute requiring service of 85% of an imposed sentence before release on expiration unequivocally stating "There shall be no release eligibility" be utilized in setting a parole eligibility on a life sentence with parole?
3. Who construes statutes, the Attorney General or the Courts?

On November 9, 2011, the Department filed a motion to dismiss Mr. Tolley's petition based on Mr. Tolley's alleged failure to exhaust his administrative remedies. Specifically, the Department argued that Mr. Tolley's petition should be dismissed because there is nothing to suggest that Mr. Tolley first sought a Declaratory Order from the Board, as required by Tennessee Code Annotated Section 4-5-225(b). Mr. Tolley filed a motion in opposition on November 28, 2011. Mr. Tolley argued that he was not required to seek a Declaratory Order from the Department because he was challenging the facial constitutionality of Tennessee Code Annotated Section 40-35-501(i)(1) & (2)(a). The trial court agreed with the Department and dismissed Mr. Tolley's petition by order of February 1, 2012.[2] Mr. Tolley appeals.

## II. Analysis

On appeal, Mr. Tolley raises the substantive issue of whether Tennessee Code

---

[1] According to Mr. Tolley, the crime occurred on March 1, 1997 and Mr. Tolley was arrested on July 12, 1997. A jury trial was held in Unicoi County and Mr. Tolley was found guilty of first degree murder. Thereafter, Mr. Tolley was sentenced to life in prison with the possibility of parole. The judgment and sentence were entered on January 16, 1998.

[2] In the order, the trial court also stated: "In response to question number 3 in the Petition, this Court also finds that the Courts have the final say in construing statutes, but that an Attorney General's Opinion is persuasive authority for this Court to consider." Nothing in Mr. Tolley's brief suggests that he takes issue with this ruling on appeal.

Annotated Section 40-35-501(i)(1) & (2)(a),[3] regarding a prison inmate's release eligibility date, is unconstitutional as applied to life sentences with the possibility of parole. However, we discern the dispositive issue in this case to be whether the trial court properly granted the Department's motion to dismiss. In considering an appeal from a trial court's grant of a motion to dismiss, we take all allegations of fact in the complaint as true, and review the trial courts' legal conclusions *de novo* with no presumption of correctness. Tenn R. App. P. 13(d); **Mid-South Industries, Inc. v. Martin Mach. & Tool, Inc.**, 342 S.W.3d 19, (Tenn. Ct. App. 2010) (citing **Owens v. Truckstops of America**, 915 S.W.2d 420, 424 (Tenn. 1996)).

The underlying issue in this case involves the calculation of sentence credits to Mr. Tolley's life sentence. The Department is the agency responsible for calculating sentences, including parole eligibility dates. *See* **Bonner v. Tenn. Dep't of Corr.**, 84 S.W.3d 576, 582 (Tenn. Ct. App. 2001); *see also* Tenn. Code Ann. § 40-35-501(q) ("Notwithstanding any other provision of the law to the contrary, the department is responsible for calculating the sentence expiration date and the release eligibility date of any felony offender sentenced to the department . . . ."). The Tennessee Supreme Court has previously held that cases involving questions regarding the application and validity of sentence reduction credits are governed by the Uniform Administrative Procedures Act ("UAPA"). *See* **Hughley v. State**, 208 S.W.3d 388, 395 (Tenn. 2006) (quoting **Carroll v. Raney**, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993) (holding that "[t]he validity of any sentence reduction credits must be addressed through the avenues of the [UAPA]")). Mr. Tolley filed his petition for a Declaratory Judgment pursuant to Tennessee Code Annotated Section 4-5-225(a), which provides:

> The legal validity or applicability of a statute, rule or order of an agency to specified circumstances may be determined in a suit for a declaratory judgment in the chancery court of Davidson

---

[3] Tennessee Code Annotated Section 40-35-501(i) provides, in relevant part:

> (1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2). The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).
>
> (2) The offenses to which subdivision (i)(1) applies are:
>
> (A) Murder in the first degree; . . .

County, unless otherwise specifically provided by statute, if the court finds that the statute, rule or order, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the complainant. The agency shall be made a party to the suit.

However, Tennessee Code Annotated Section 4-5-225(b) goes on to state that:

A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order.

Courts interpreting this statute have held that "exhaustion of administrative remedies is a necessary precondition to filing a petition for declaratory judgment." *Campbell v. Tenn. Dep't of Corr.*, 2002 WL 598547, at *1 (Tenn. Ct. App. 2002). Accordingly, the Department argues that, because Mr. Tolley has not petitioned the Department for a Declaratory Order, his petition for a Declaratory Judgment in the Chancery Court of Davidson County should be dismissed. This Court has explained the exhaustion of administrative remedies doctrine as it specifically applies in inmate cases, stating:

Until a prisoner has sought a declaratory order from the Department, the prisoner has not exhausted his or her administrative remedies. Tenn. Code Ann. § 4-5-225(b) expressly prohibits courts from rendering declaratory judgments concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue one. A prisoner's failure to satisfy the statute's precondition prevents a court from exercising subject matter jurisdiction over any attempted lawsuit for declaratory relief.

*Wilson v. Sentence Information Services*, No. M1998-00939-COA-R3-CV, 2001 WL 422966, at *3 (Tenn. Ct. App. April 26, 2001) (citing *Watson v. Tenn. Dep't of Corr.*, 970 S.W.2d 494, 497 (Tenn. Ct. App. 1998)). The Tennessee Supreme Court, in *Stewart v. Schofield*, 368 S.W.3d 457 (Tenn. 2012), has recently held that, when challenging the application of the release eligibility statute, an inmate must first petition the Department for a Declaratory Order pursuant to the UAPA. *Id.* at 464–65. If the inmate fails to first petition the Department for declaratory relief, the Davidson County Chancery Court must dismiss the inmate's petition for a Declaratory Judgment. *Id.* at 465 ("In the absence of proof the inmate

-4-

sought a declaratory order from [the Department], the Chancery Court lacks jurisdiction over an inmate's declaratory judgment action.") (citing ***Bonner v. Tenn. Dep't of Corr.***, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001)). Thus, the Department argues that the trial court properly dismissed Mr. Tolley's petition due to his failure to file a petition for a Declaratory Order before seeking redress from the Davidson County Chancery Court.

Mr. Tolley does not deny the fact that he never sought a Declaratory Order from the Department. Instead, Mr. Tolley cites ***Colonial Pipeline Co. v. Morgan***, 263 S.W.3d 827 (Tenn. 2008), for the proposition that a petitioner may bring a challenge to the facial constitutionality of a statute without first seeking a declaratory order from the administrative agency. ***Id.*** at 843. In ***Colonial Pipeline***, the Tennessee Supreme Court described the various challenges to statutes that fall under the UAPA, explaining:

> Administrative tribunals do not lack the authority to decide every constitutional issue. It is essential, however, to distinguish between the various types of constitutional issues that may arise in the administrative context. . . . [W]e developed three broad categories of constitutional disputes: (1) challenging the facial constitutionality of a statute authorizing an agency to act or rule, (2) challenging the agency's application of a statute or rule as unconstitutional, or (3) challenging the constitutionality of the procedure used by an agency. [***Richardson v. Young***, 122 Tenn. 471, 125 S.W. 664,] 454–55 [(Tenn. 1910)]. Administrative tribunals have the power to decide constitutional issues falling into the second and third categories, but the first category falls exclusively within the ambit of the judicial branch. ***Id.*** The separation of powers clause reserves for the judiciary constitutional challenges to the facial validity of a statute. ***Id.*** (citing ***Hoover Motor Exp. Co., Inc. v. R.R. & Pub. Util. Comm'n***, 195 Tenn. 593, 261 S.W.2d 233, 238 (1953); ***Pharr v. Nashville, C., & St. L. Ry.***, 186 Tenn. 154, 208 S.W.2d 1013, 1017 (1948))

***Colonial Pipeline***, 263 S.W.3d at 843. Thus, ***Colonial Pipeline*** held that a petitioner is excused from the requirement of filing a Declaratory Order petition when his or her challenge is to the "facial constitutionality of a statute." ***Id.*** However, the Supreme Court went on to point out that "[q]uestions of whether the application of a statute violates constitutional principles should be submitted to the agency through a petition for a declaratory order before any action is brought in the Chancery Court." ***Id.*** at 465. Indeed, the Supreme Court described its holding as a "narrow exception" to the general rule regarding

the UAPA and exhaustion of administrative remedies, which only applies to "constitutional challenge[s] to the facial validity of a statute." *Id.* Accordingly, a petitioner challenging the application of a statute by an agency is still required to exhaust administrative remedies pursuant to the UAPA. *Id.*

Based on the foregoing, Mr. Tolley's argument turns on whether his petition for declaratory relief is challenging the facial constitutionality of the statute or whether it is merely challenging the constitutionality of the Department's application of the statute to his situation. If Mr. Tolley's argument constitutes a facial attack on Tennessee Code Annotated Section 40-35-501, his claim falls under the "narrow exception" to the exhaustion of administrative remedies doctrine expressed in *Colonial Pipeline* and his failure to seek a Declaratory Order from the Department will not defeat his claim. *See Colonial Pipeline*, 263 S.W.3d at 845. If, however, his argument constitutes an attack on the Department's application of Tennessee Code Annotated Section 40-35-501, his claim falls under the general rule expressed in *Stewart* and his failure to petition the Department for a Declaratory Order precludes relief in the Chancery Court.[4] *See Stewart*, 368 S.W.3d at 465.

Thus, the determinative question in this case is whether Mr. Tolley's attack on Tennessee Code Annotated Section 40-35-50 constitutes a challenge to "the facial constitutionality of a statute" or rather a challenge to the Department's "application of a statute." *Colonial Pipeline*, 263 S.W.3d at 843. In his partial dissent in *Waters v. Farr*, 291 S.W.3d 873 (Tenn. 2009) (J. Koch concurring in part, dissenting in part), Justice William C. Koch of the Tennessee Supreme Court explained the distinction between a "facial challenge" and an "as applied" challenge:

> A facial challenge to a statute involves a claim that the statute fails an applicable constitutional test and should be found invalid in all applications. *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed.2d 697 (1987). A facial challenge to a statute is the most difficult challenge to mount successfully. *Lynch v. City of Jellico*, 205 S.W.3d [384,] 390 [(Tenn. 2006)] (quoting *United States v. Salerno*, 481 U.S. at 745, 107 S. Ct. 2095). The presumption of a statute's constitutionality applies with even greater force when a facial challenge is made. *Gallaher v. Elam*, 104 S.W.3d at 459; *In re*

---

[4] We note that it does not appear that the inmate in *Stewart* argued that his challenge to the calculation of his release eligibility date was anything other than an "as applied" challenge to the statute. *See Stewart*, 368 S.W.3d at 465.

***Burson***, 909 S.W.2d 768, 775 (Tenn.1995). Accordingly, the challenger must establish that no set of circumstances exists under which the statute would be valid. ***Wash. State Grange v. Wash. State Republican Party***, 552 U.S. at ——, 128 S. Ct. at 1190 (quoting ***United States v. Salerno***, 481 U.S. at 745, 107 S. Ct. 2095); ***Lynch v. City of Jellico***, 205 S.W.3d at 390 (quoting ***Davis-Kidd Booksellers, Inc. v. McWherter***, 866 S.W.2d 520, 525 (Tenn. 1993)). Stated another way, the challenger must demonstrate that the law cannot be constitutionally applied to anyone. 1 Lawrence H. Tribe, *American Constitutional Law* § 3–31, at 611 (3d ed. 2000) (hereinafter "*American Constitutional Law*").

* * *

An "as applied" challenge presumes that the statute is generally valid. *See* ***Tobe v. City of Santa Ana***, 9 Cal.4th 1069, 40 Cal. Rptr.2d 402, 892 P.2d 1145, 1156 (1995); Developmental Pathways v. Ritter, 178 P.3d 524, 533–34 (Colo.2008); In re D.L.C., 124 S.W.3d 354, 362 (Tex. App.2003); ***Sanderson v. State***, 165 P.3d 83, 92 (Wyo. 2007). It merely asserts that specific applications of the statute are unconstitutional. ***Dowdell v. City of Jeffersonville***, 907 N.E.2d 559, 564–65 (Ind. Ct. App. 2009); ***In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71***, 479 Mich. 1, 740 N.W.2d 444, 450 (2007); ***City of Redmond v. Moore***, 91 P.3d at 878. Thus, an "as applied" challenge only requires the challenger to demonstrate that the statute operates unconstitutionally when applied to the challenger's particular circumstances. ***Lochsa Falls L.L.C. v. State***, 207 P.3d at 971–72; ***Gillenwaters v. State***, 205 S.W.3d 534, 536 n. 3 (Tex. Crim. App. 2006); ***Tex. Workers' Comp. Comm'n v. Garcia***, 893 S.W.2d 504, 518 n. 16 (Tex.1995).

"As applied" challenges require courts to consider the constitutionality of statutes on a case-by-case basis, ***Tobe v. City of Santa Ana***, 40 Cal. Rptr.2d 402, 892 P.2d at 1153, and to analyze the facts of the particular case to determine whether the application of the challenged statute deprived the challenger of a constitutionally protected right. ***Field Day, LLC v. County of***

> *Suffolk*, 463 F.3d 167, 174–75 (2d Cir. 2006); *Tobe v. City of Santa Ana*, 40 Cal.Rptr.2d 402, 892 P.2d at 1152–53; *Napleton v. Village of Hinsdale*, 322 Ill.Dec. 548, 891 N.E.2d at 845–46.

*Waters*, 291 S.W.3d at 921–23.

In this case, the trial court found that Mr. Tolley's challenge to Tennessee Code Annotated Section 40-35-501 was an "as applied challenge" to the statute and dismissed Mr. Tolley's petition for failure to exhaust administrative remedies. We agree. Nowhere in Mr. Tolley's Declaratory Judgment petition or appellate brief does he assert that Tennessee Code Annotated Sections 40-35-501(i)(1) & (2)(a) violate any constitutional provision. In addition, Mr. Tolley specifically asks whether Tennessee Code Annotated Sections 40-35-501(i)(1) & (2)(a) are "unconstitutional *as now applied* to a life sentence" and whether the statute may be utilized in the specific circumstance of a life sentence with the possibility of parole. (emphasis added).Thus, Mr. Tolley does not argue that the statute is unconstitutional when applied to all sentences, but merely that it is unconstitutional as applied to life sentences. However, Tennessee Code Annotated Section 40-35-501(i) is not limited to only those offenses that carry a life sentence. *See* Tenn. Code Ann. § 40-35-501(i) (applying the provision at issue to several different offenses, including rape, aggravated rape, aggravated kidnapping, especially aggravated kidnapping, and aggravated arson). Therefore, Mr. Tolley has failed to show that "no set of circumstances exist under which the [statute] would be valid." *Lynch v. City of Jellico*, 205 S.W.3d at 390 (quoting *Davis-Kidd Booksellers*, 866 S.W.2d at 525). Based on the foregoing, we agree with the trial court that Mr. Tolley's Petition for Declaratory Judgment represents an "as applied challenge" to Tennessee Code Annotated Sections 40-35-501(i)(1) & (2)(a). As such, the trial court properly dismissed Mr. Tolley's petition for failure to exhaust administrative remedies. *See Watson v. Tenn. Dep't of Corr.*, 970 S.W.2d 494, 497 (Tenn. Ct. App. 1998).

### III. Conclusion

The judgment of the Chancery Court of Davidson County is affirmed. The costs of this cause are taxed to Mr. Tolley, for all of which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE